# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)
MAY 2026 00298
E-Filing Number: 2605005288

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| EDDIE MCCORKLE | THE HOME DEPOT INC. |
| PLAINTIFF'S ADDRESS<br>5347 IRVING STREET<br>PHILADELPHIA PA 19139 | DEFENDANT'S ADDRESS<br>2455 PACES FERRY ROAD<br>ATLANTA GA 30339 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>THE HOME DEPOT STORE #4114 |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>5342 WEST BALTIMORE PIKE<br>UPPER DARBY PA 19018 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>TREVOR CHAVOUS |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>5342 WEST BALTIMORE PIKE<br>UPPER DARBY PA 19018 |

TOTAL NUMBER OF PLAINTIFFS: 1

TOTAL NUMBER OF DEFENDANTS: 5

COMMENCEMENT OF ACTION
- [x] Complaint
- [ ] Petition Action
- [ ] Notice of Appeal
- [ ] Writ of Summons
- [ ] Transfer From Other Jurisdictions

AMOUNT IN CONTROVERSY
- [ ] $50,000.00 or less
- [x] More than $50,000.00

COURT PROGRAMS
- [ ] Arbitration
- [x] Jury
- [ ] Non-Jury
- [ ] Other:
- [ ] Mass Tort
- [ ] Savings Action
- [ ] Petition
- [ ] Commerce
- [ ] Minor Court Appeal
- [ ] Statutory Appeals
- [ ] Settlement
- [ ] Minors
- [ ] W/D/Survival

CASE TYPE AND CODE
2S - PREMISES LIABILITY, SLIP/FALL

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

FILED
PRO PROTHY
MAY 04 2026
B. BALILONIS

IS CASE SUBJECT TO COORDINATION ORDER?
YES NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: EDDIE MCCORKLE

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| VINCENT F. PRESTO | 2410 BENSALEM ROAD<br>BENSALEM PA 19020 |
| PHONE NUMBER: (215)750-7200 FAX NUMBER: (215)750-9294 | |
| SUPREME COURT IDENTIFICATION NO.<br>59092 | E-MAIL ADDRESS<br>vpresto@swainlawfirm.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>*VINCENT PRESTO* | DATE SUBMITTED<br>Monday, May 04, 2026, 12:52 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**COMPLETE LIST OF DEFENDANTS:**

1. THE HOME DEPOT INC.
   2455 PACES FERRY ROAD
   ATLANTA GA 30339
2. THE HOME DEPOT STORE #4114
   5342 WEST BALTIMORE PIKE
   UPPER DARBY PA 19018
3. TREVOR CHAVOUS
   5342 WEST BALTIMORE PIKE
   UPPER DARBY PA 19018
4. JOHN/JANE DOE(S) 1-20
   5342 WEST BALTIMORE PIKE
   UPPER DARBY PA 19018
5. ABC CORP(S) 1-10
   5342 WEST BALTIMORE PIKE
   UPPER DARBY PA 19018

**THE SWAIN LAW FIRM, P.C.**
By: Vincent F. Presto, Esquire (I.D. #59092)
123 South 22nd Street
Philadelphia, PA 19103
(215) 750-7200
vpresto@swainlawfirm.com

**JURY TRIAL DEMANDED**

Filed and Attested by the Office of Judicial Records 04 MAY 2026 12:52 pm A. BALILONIS

Attorneys for Plaintiff

| | | |
|---|---|---|
| EDDIE McCORKLE<br>5347 Irving Street<br>Philadelphia, PA 19139 | : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| v. | : | DOCKET NO.: _______________ |
| THE HOME DEPOT INC.<br>2455 Paces Ferry Road<br>Atlanta, GA 30339<br>and<br>THE HOME DEPOT STORE #4114<br>5342 West Baltimore Pike<br>Upper Darby, PA 19018<br>and<br>TREVOR CHAVOUS<br>5342 West Baltimore Pike<br>Upper Darby, PA 19018<br>and<br>JOHN/JANE DOE(S) 1-20; ABC CORP(S) 1-10<br>anonymous, unknown, and/or fictitious person(s)<br>or entit(ies) | : | |

## NOTICE TO DEFEND
## Negligence- 2O- Premises Liability- Other

### NOTICE

**You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.**

**You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.**

**Philadelphia Bar Association**
**Lawyer Referral and Information Service**
**One Reading Center**
**Philadelphia, PA 19107**
**(215) 238-6333; TTY (215) 451-6197**

### AVISO

Le han demandado a usted en la corte. Si usted guiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene viente (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte pued decidir a favor del demandante y require qu usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derchos importantes para usted.

**Illeve esta demanda a un abogado immediatament. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio, vaya en persona o llame por teléfono a la oficina cuya dirección se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.**

**Asociación De Licenciados De Filadelfia**
**Servicio de Referencia E Información Legal**
**One Reading Center, Philadelphia, PA 19107**
**Teléfono: (215) 238-6333; TTY (215) 451-6197**

Case ID: 260500298

## CIVIL ACTION COMPLAINT – PREMISES LIABILITY

Plaintiff EDDIE McCORKLE by counsel, Vincent F. Presto, Esquire, hereby demands damages from defendant(s) herein and in support thereof aver:

1. Plaintiff EDDIE McCORKLE is an adult individual who resides at the address set forth above.

2. Defendant THE HOME DEPOT INC. is an organized and existing entity conducting business in the Commonwealth of Pennsylvania and County of Philadelphia and which may be served at the address set forth above.

3. Defendant THE HOME DEPOT STORE #4114 is an organized and existing entity conducting business in the Commonwealth of Pennsylvania and County of Philadelphia and which may be served at the address set forth above.

4. Defendant TREVOR CHAVOUS is an adult individual, described as approximately 6' to 6'2" tall, medium build, believed to be African-American, who may be served at the above address.

5. Defendants ABC CORPORATION(S) 1 through 10 and JOHN/JANE DOE(S) 1 through 10 are anonymous or unknown entit(ies) and/or person(s) which/who, at all times relevant to this action, (a) controlled, maintained, supervised, stocked, supplied, oversaw, managed, owned, operated the premises and retail location at 5342 West Baltimore Pike, Upper Darby, Pennsylvania, including the interior merchandise and material bins and displays and customer walkway areas of a retail business known as "The Home Depot", and/or (b) are vicariously liable for the conduct, acts, errors, and/or omissions of the entities or individuals described in ¶ 5(a), who acted within the course and scope of his, her, their actual apparent or ostensible authority; and/or (c) are the agents, employees, work persons, servants, officers, or representatives of the person(s) or entit(ies) described in ¶ 5(a), these designation(s) being made

after the undersigned counsel's firm conducted a reasonable investigation and search for the actual identity of such person(s) and/or entit(ies).

6. At all times relevant to this action, and in the alternative, John/Jane Doe(s) 11 through 20 are unknown and anonymous person(s) who are or were employed as an employee, store manager(s), acting manager, shift supervisor, department head, and/or in other positions who, during the time period including and on or before May 7, 2024, were in charge of the Home Depot store located at 5342 West Baltimore Pike, Upper Darby, Pennsylvania, which premises is further described in ¶ 9, and/or oversaw, stocked, or supervised the aisle and area where the building materials and wood were displayed, and were responsible for implementing, following, adhering to, and complying with company policies, practices, and procedures and/or his or her own best practices as they related to stocking merchandise, inspecting, identifying and/or correcting unsafe and dangerous conditions at or of the premises and/or stocking shelves, bins, and displays in a manner that was safe and accessible to customers, including plaintiff, delegating such responsibilities to staff on a day-to-day basis, supervising staff in those responsibilities and tasks, as well as training such staff in what the policies, procedures, and practices required, especially as all of the foregoing pertains to displays and holding bins in the lumber/building materials area of the store; this designation is being made after the undersigned counsel's firm conducted a reasonable investigation and search for the actual identity of person or persons.

7. At all times relevant to this action, Defendants: (a) acted, or failed to act, by and through its/their duly authorized agents, representatives, employees, and/or servants, who, at all times relevant to this action, acted, or failed to act, in the course of and within the scope of his/her/their actual, apparent, and/or ostensible authority, or, alternatively, (b) acted outside of the course and scope of their/his/her actual, apparent, and/or ostensible authority.

8. At all times relevant to this action, Defendants herein are or may be predecessor, successor and/or parent corporations and/or entities who have undergone names changes, mergers, consolidations, etc., and are liable for the acts, errors, and/or omissions of former, predecessor, successor, and/or subsidiary or related entities.

9. At all times relevant to this action, Defendants owned, occupied, operated, maintained, possessed, managed, inspected, oversaw, supervised, and/or controlled the retail business and store, including the interior of the building, customer areas, merchandise displays, material bins, shelves, racks, and the like, including safety devices and apparatus, on and in the business known as "The Home Depot" located at 5342 W. Baltimore Avenue, Upper Darby, Pennsylvania, including the interior areas in customer self-service areas.

10. At all times relevant to this action, there existed a dangerous, unsafe, and/or defective condition(s) on, of, and upon the location described in the preceding paragraph, including but not limited the a display bin, shelf, or rack in which or on which lumber was stocked, located and/or displayed that was not safely stocked, arranged, secured, maintained, made safe, and/or displayed and made available to customers in a safe fashion, and/or with safety devices and features properly in place and which constituted a danger and hazard to customers who were removing merchandise from that area or adjoining areas.

11. At all times relevant to this action, the dangerous, unsafe, and/or defective condition(s) described herein was caused by or existed because of the direct and/or vicarious and joint and/or several and/or active negligence of Defendants herein and/or existed for a period of time sufficient for the Defendants to have known of it, to have given warnings of it, and/or to have cured or corrected it and was/were of such a nature that defendants did or should have expected that plaintiff would not be aware of it/them.

12. At all times relevant to this action, Defendants are negligent for creating the dangerous condition and/or allowing the dangerous, unsafe, and defective condition(s) to exist, failing to properly stock, maintain, supervise, inspect, operate, possess, and/or control the premises or area in question, and/or failing to warn about the dangerous, unsafe, and/or defective condition(s).

13. On or about May 7, 2024, at approximately 7 to 7:30 pm, plaintiff EDDIE McCORKLE was a lawful invitee at, on or in the location or area described in ¶¶ 9 and 10, and was caused serious and grievous injuries when lumber fell/came off of a shelf, display, bin, or rack because of the defendants' negligence stated herein, striking him.

14. This incident was the direct and proximate result of the joint and/or several and direct and/or vicarious and/or active negligence of the Defendants.

15. As a direct and proximate result of the joint and/or several and direct and/or vicarious negligence of the Defendants, Plaintiff(s) EDDIE McCORKLE has sustained injuries and damages which may include:

(a) Serious and permanent personal injuries;

(b) Past medical expenses incurred for the diagnosis, treatment, and care of the said personal injuries;

(c) Future medical expenses incurred for the diagnosis, treatment, and care of the said personal injuries;

(d) Past lost earnings;

(e) Past lost earning capacity;

(f) Future lost earnings;

(g) Future lost earning capacity;

(h) Past pain;

(i) Future pain;

(j) Past suffering;

(k) Future suffering;

(l) Embarrassment and humiliation;

(m) Disfigurement and scarring;

(n) Past loss of enjoyment of life and life's pleasures;

(o) Future loss of enjoyment of life and life's pleasures;

(p) Out-of-pocket expenses and other consequential damages;

(q) Other injuries and damages suffered as a natural and probable result of the said personal injuries.

**COUNT I – EDDIE McCORKLE VS. ALL DEFENDANT(S)**

16. Plaintiff repeats and incorporates by reference all prior paragraphs.

17. Plaintiff hereby avers that on account of the joint or several and direct and/or vicarious negligence of Defendant(s), Plaintiff sustained damages, losses, and injuries.

18. At all times relevant to this action, Defendant(s) acted, or failed to act, either in his/her/their/its own right, and/or by and through the duly authorized agents, representatives, work persons, employees, servants, contractors, or assigns, who, at all times relevant to this action, acted, or failed to act, within the course and scope of his, her, their actual apparent ostensible agency and/or authority.

19. At all times relevant to this action, the direct and/or vicarious, and joint and/or several negligent acts, errors, and/or omissions of Defendants, include:

(a) Failing to properly and safely stack, store, locate or display the wood or lumber on the shelves, bins, racks in a reasonable manner so that the material would not fall unexpectedly and strike a customer;

(b) Failing to make the self-service customer areas of the store in question safe for customers to take merchandise off shelves, racks, bins, displays, without material falling off adjoining displays;

(c) Allowing an area that was unsafe to exist in the premises in which it was reasonable to expect invitees such as plaintiff to use and take products off of shelves;

(d) Failing to make the display area in question safe by using the metal rods, posts, on the shelves, product strapping and/or other devices that were available to secure the wood and prevent it from falling in an unintended or unexpected manner;

(e) Failing to properly and safely strap or unstrap wood product so that the some of it was loose and fell off the display;

(f) Failing to inspect the area for dangerous and/or unsafe conditions;

(g) Failing to detect the dangerous and/or unsafe conditions;

(h) Failing to warn of the dangerous and/or unsafe conditions;

(i) Failing to correct the dangerous and/or unsafe conditions;

(j) Failing to make the area in question safe;

(k) Failing to ensure that the area in question was safe for customers to remove products from displays;

(l) Failing to use reasonable and/or ordinary care under the circumstances;

(m) Failing to adequately hire, train, supervise, assign, and/or staff competent personnel to inspect, work on, maintain, control or supervise the customer areas of the store so that the condition in question could have been identified and corrected;

(n) Failing to adequately hire, train, supervise, assign, and/or staff competent personnel to arrange, organize, stock, store or display the wood in such a manner that it would not fall off the shelf, display, bin, rack;

(o) Failing to arrange, organize, stock, store or display the wood in such a manner that it would not fall off the shelf, display, bin, rack;

(p) Failing to use safety devices like the metal rods on the shelving and/or straps on the display or wood itself or to make sure that these safety devices were in place;

(q) Failing to implement and/or enforce adequate safety procedures, protocols, rules, and/or policies under the circumstances;

(r) Failing to train its officers, directors, agents, employees, contractors, sub-contractors, servants, and/or work persons in general safety regulations, requirements, procedures, protocols, rules, and/or policies as well as any stocking, display or maintenance protocols that did or may have existed;

(s) Failing to adhere to any required safety standards, rules, promises, duties, obligations under any applicable laws, regulations and/or agreements;

(t) Failing to ensure a safe means for customers to remove merchandise from shelves without product falling off adjoining shelves;

(u) Failing to use reasonable and/or ordinary care to avoid the incident in question;

(v) Failing to use reasonable and/or ordinary care to make the area in question safe for customer self-service;

(w) Failing to use tape, safety cones, barriers, barricades, or other warnings to protect against invitees encountering the condition;

(x) Failing to comply with the requirements of Federal, State, or local law and/or regulations pertaining to the area in question;

(y) Creating the unsafe condition;

(z) Failing to use a method to restrict or limit customer access to the area until the area was made safe or could be avoided.

**WHEREFORE**, Plaintiff(s) EDDIE McCORKLE demand(s) judgment against Defendant(s), jointly and/or severally, for damages in excess of Fifty Thousand Dollars ($50,000.00), together with interest, costs, and fees, if recoverable, plus delay damages, in addition to such other and further relief as this Court deems just.

**COUNT II – EDDIE McCORKLE VS. TREVOR CHAVOUS**

20. All previous paragraphs are repeated and incorporated by reference as if set forth at length herein.

21. At all times relevant to this action, defendant TREVOR CHAVOUS is or was an employee, store manager or acting store manager or shift supervisor, employee, department head, and/or had the authority and/or responsibility on or before May 7, 2024 at the time of this

incident and for a reasonable time preceding it to implement, follow, and/or comply with company policies and/or was responsible for implementing, following, and complying with company policies, practices and procedures and/or was otherwise responsible for implementing or following his or her own best practices pertaining to, and actually accomplishing the task(s) of, inspecting the customer service area(s) particularly the lumber/building materials bins, shelves, racks, and areas, to ensure that wood and lumber were displayed safety, secured, and that the products and areas were accessible to customers in a safe manner and for other conditions or hazards posed to customers, including that the safety devices and features of the display areas were utilized, in place, and being used; detecting and identifying unsafe conditions, and remediating such conditions, and/or overseeing, delegating, monitoring, and/or notifying store personnel or outside vendors to address such conditions; and/or was the individual responsible for stacking the wood/lumber at issue in this case and/or making sure that the safety devices/features to secure the wood or keep it from falling were used and in place but failed to exercise reasonable care in going about these tasks and responsibilities.

22. At all times relevant to this action, defendant TREVOR CHAVOUS was or may have been responsible to delegate the duties and responsibilities set forth in the preceding paragraph to staff on a day-to-day basis, and was further responsible to oversee, supervise, and train such staff in the requirements of the policies, procedures and/or best practices but failed to exercise reasonable care in going about these responsibilities.

23. At all times relevant to this action, as a direct and proximate result of defendant's failure to exercise reasonable care in going about the duties and responsibilities set forth in the two preceding paragraphs, through either acts, errors and/or omissions, plaintiff EDDIE McCORKLE was caused to suffer damages, losses, and injuries.

**WHEREFORE**, Plaintiff EDDIE McCORKLE demand(s) judgment against Defendant(s), jointly and/or severally, for damages in excess of Fifty Thousand Dollars ($50,000.00), together with interest, costs, and fees, if recoverable, plus delay damages, in addition to such other and further relief as this Court deems just.

**SWAIN LAW FIRM, P.C.**

By: /s/ *Vincent F. Presto*
VINCENT F. PRESTO, ESQUIRE
Attorney for Plaintiff

**PLAINTIFF HEREBY SERVES THE ATTACHED INTERROGATORIES AND REQUEST TO PRODUCE. KINDLY RESPOND WITHIN THE TIME ALLOWED UNDER THE APPLICABLE RULES OF CIVIL PROCEDURE.**

# VERIFICATION

Eddie McCorkle hereby states that he is a Plaintiff in this action and verifies that the statements made in the foregoing Complaint are true and correct to the best of his knowledge, information and belief. The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification authorities.

DATED: 05/04/26

EDDIE McCORKLE